UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:23-CV-00026-JHM

STEVEN M. BECK and KAYLA BECK                                    PLAINTIFFS

v.

UNITED PARCEL SERVICE INC.,                                      DEFENDANTS
ZENO V. DUPREE, IV,
PRODUCE PACKAGING, INC., and
BRYAN J. SEDIVEC

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion to Remand [DN 12], Plaintiffs' Motion for Attorney's Fees [DN 13], and Defendants' Motion for Attorney's Fees [DN 17]. Fully briefed, this matter is ripe for decision. For the following reasons, the Motion to Remand is **DENIED** and the Motions for Attorney's Fees are **DENIED**.

### I. BACKGROUND

On February 24, 2022, Plaintiff, Steven M. Beck, was involved in a multi-vehicle collision in Muhlenberg County, Kentucky. [DN 1-3 at ¶7–9]. Steven Beck and his wife, Kayla Beck, sued United Parcel Service, Inc. ("UPS"), Zeno Dupree, Produce Packaging, Inc., and Bryan Sedivec in Muhlenberg Circuit Court. [DN 1-3 at 1]. Plaintiffs allege that Defendants were negligent. [*Id.* at ¶19–21; ¶23–25]. Plaintiffs further allege that Defendants UPS and Produce Packaging are responsible for Steven Beck's injuries under the doctrine of respondeat superior. [*Id.* at ¶27–28; ¶30–31]. Plaintiffs contend that Defendants UPS and Produce Packing are liable for negligent hiring and retention as well as negligent supervision and training. [*Id.* at ¶33–35; ¶37–39; ¶41–45; ¶47–51]. Plaintiffs maintain that Kayla Beck is entitled to compensation for loss of consortium and that Steven Beck is entitled to punitive damages. [*Id.* at ¶55–56]. Defendants, Produce

Packaging and Sedivec, removed this action to this Court based on diversity jurisdiction on February 20, 2023.  The other defendants, UPS and Dupree, consented to removal.  [DN 1 at ¶3].

In their notice of removal, Defendants allege that UPS is an Ohio corporation with its principal place of business in Atlanta, Georgia; Dupree is a citizen of Tennessee; Produce Packaging is an Ohio corporation with its principal place of business in Cleveland, Ohio; and Sedivec is a citizen of Ohio.  [*Id.* at ¶7–10].  On March 3, 2023, Plaintiffs moved to remand this action to the Muhlenberg Circuit Court arguing that UPS is actually a resident of Kentucky with its principal place of business in Louisville, Kentucky, and therefore, diversity of citizenship under 28 U.S.C. §1332(a) does not exist.  [DN 12 at 1; DN 12-1 at 2].

## II. STANDARD OF REVIEW

Removal from state to federal court is proper for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  Diversity jurisdiction gives "[t]he district courts … original jurisdiction [over] all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States."  28 U.S.C. § 1332(a), (a)(1).  "The party seeking removal bears the burden of demonstrating that the district court has original jurisdiction." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006) (citations omitted).

## III. DISCUSSION

### A. Motion to Remand

Plaintiffs filed this motion for an order of remand claiming this Court does not have jurisdiction over this cause of action.  The federal diversity jurisdiction statute states that "a corporation shall be deemed to be a citizen of every State … by which it has been incorporated and of the State … where it has its principal place of business."  28 U.S.C. § 1332(c).  Plaintiffs

2

do not contest the amount in controversy, nor do they dispute that UPS is an Ohio corporation. Instead, Plaintiffs contend that UPS is a foreign corporation registered with the Secretary of State for the Commonwealth of Kentucky and that its principal place of business is in Louisville, Kentucky. [DN 12-1 at 3–4]. Because Plaintiffs are Kentucky citizens, the existence of diversity depends on the location of UPS's principal place of business.

In response, Defendants contend that UPS has its corporate headquarters located in Atlanta, Georgia. [DN 17 at 2–3; DN 18 at 3; DN 18-2 at 3]. Defendants argue that because UPS has global operations in Louisville that does not mean Louisville is where UPS's nerve center or corporate headquarters are located. [DN 17 at 12]. Defendants further claim that its 2022 Proxy Statement and 2021 Annual Report to which Plaintiffs cite further proves that Atlanta, Georgia is UPS's corporate headquarters, nerve center, and principal place of business for purposes of diversity of citizenship. [DN 18 at 7; DN 12-8; DN 1-4 at 2].

A corporation's principal place of business is "the place where officers direct, control, and coordinate the corporation's activities," often referred to as the corporation's "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). It is normally the place where the corporation maintains its headquarters. *Id.* at 93. The amount of business conducted in a state is not relevant to the inquiry of a corporation's principal place of business. *Id.*

Although UPS conducts a significant amount of business in Louisville and owns and operates UPS Worldport, a 5.2 million square foot facility in Louisville, that does not mean Louisville is UPS's "nerve center." *See DeVore v. United Parcel Serv. Co. (Air)*, No. 3:21-CV-478-DJH, 2023 WL 2658357, at *2 (W.D. Ky. Mar. 13, 2023); [DN 12-1 at 6]. It is also worth noting that Plaintiffs' original complaint alleged that Defendant UPS was a foreign corporation, authorized and conducting business in the Commonwealth of Kentucky with a principal office

3

address of 55 Glenlake Parkway, NE, Atlanta, GA. [DN 1-2 at ¶2]. In their Amended Complaint, Plaintiffs allege UPS's principal office address in Louisville, Jefferson County, Kentucky, yet they do not list a complete address. [DN 1-3 at ¶2].

After reviewing the record, the Court finds that UPS maintains its headquarters in Atlanta, Georgia. UPS's "nerve center" or principal place of business, is therefore in Georgia, as opposed to Kentucky. Thus, there is complete diversity. Accordingly, the Court will deny Plaintiffs' motion to remand.

### B. Motions for Attorney's Fees

Plaintiffs have also asked that they be awarded attorney's fees and costs arguing that Defendant UPS "lacked an objectively reasonable basis for removing the case." [DN 13 at 1]. Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Because the Court will not remand the case to state court, no award of fees is warranted. Also, Defendants Produce Packaging and Sedivec ask the Court to award them attorney's fees for having to respond to Plaintiffs' motion. [DN 17 at 12]. In the exercise of its discretion, the Court denies the request for fees and costs.

### IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand [DN 12] and Motion for Attorney's Fees [DN 13] are **DENIED**. **IT IS FURTHER ORDERED** that Defendants' Motion for Attorney's Fees [DN 17] is **DENIED**.

cc:     counsel of record

*Joseph H. McKinley*
Joseph H. McKinley Jr., Senior Judge
United States District Court

May 1, 2023