UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:23-CV-00026-BJB-HBB

**STEVEN M. BECK, et al.**                                                              **PLAINTIFFS**

**VS.**

**UNITED PARCEL SERVICE, et al.**                                              **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Before the Court is a motion by Defendants United Parcel Service, Inc., and Zeno Dupree (collectively "UPS") to compel Plaintiffs Steven M. Beck and Kayla Beck to provide supplemental responses to a request for production (DN 64). The Becks have responded in opposition at DN 71 and UPS replied at DN 74.

### Nature of the Case

On February 24, 2022, Steven Beck was involved in a multi-vehicle collision (DN 1-2, p. 3). The Becks allege that Dupree was operating a Mack Truck on behalf of UPS and Defendant Bryan J. Sedivec was operating a Peterbilt Truck on behalf of Defendant Produce Packaging, Inc. (*Id.*). The Becks contend Dupree lost control of his vehicle and struck a bridge railing, blocking both westbound lanes of the Western Kentucky Parkway (*Id.*). Steven Beck struck another vehicle stopped in traffic and was in turn struck by Sedivec's vehicle (*Id.*). The action was originally filed in Muhlenberg Circuit Court and removed to this Court on diversity jurisdiction (DN 1).

The Becks allege the Defendant drivers were negligent (DN 1-2, pp. 4-6). The Becks further allege Defendants UPS and Produce Packaging are responsible for Steven Beck's injuries

under the doctrine of *respondeat superior,* for negligent hiring and retention and for negligent supervision and training (*Id.* at pp. 6-10). Steven Beck asserts claims compensatory and punitive damages and Kayla Beck claims loss of consortium (*Id.* at p. 11).

Motion to Compel

UPS submitted requests for production of documents to the Becks. At issue is request 37:

> **REQUEST FOR PRODUCTION OF DOCUMENTS No. 37**. Produce all documents you have regarding or belonging to UPS, Inc. or Zeno Dupree.

(DN 64-1, pp. 1-2). UPS responded:

> **PLAINTIFF'S RESPONSE:** Objection; this request seeks information beyond the scope of permissible discovery and calls for privileged information within the attorney/client privilege and the attorney's work product. Without waiving said objection, Plaintiff is not in possession of any documents responsive to this request.

(*Id.*). UPS asserts that, after the Becks responded to the request for production, they retained additional counsel (*Id.* at p. 2). UPS states that it "had reason to believe that Plaintiffs' new counsel possessed UPS documents, including documents, affidavits, and depositions, that they had received from sources outside of this litigation" (*Id.* at p. 2). UPS asked the Becks to supplement their response to request 37, and the Becks refused, contending that any such documents were both attorney work product and outside the scope of discovery (*Id.*).

UPS believes the requested documents "originate from prior litigation that contain similar legal and factual issues to the case at hand" (*Id.* at p. 3). UPS further contends that the documents may constitute a prior statement of UPS and its employees and could be used in cross-examination (*Id.* at pp. 3-4). Additionally, UPS notes that Fed. R. Civ. P. 26(b)(3) permits a party to obtain its own previous statement concerning the action or its subject matter (*Id.* at pp. 5-6). UPS cites *Hendrick v. Avis Rent A Car Sys.* in support of its argument that it is entitled to production of statements given in other litigation. 916 F. Supp. 256 (W.D.N.Y. 1996). Finally, UPS contends any such statements could be discoverable as they might constitute a vicarious admission under Fed. R. Civ. P. 26(b)(3) (*Id.* at p. 6).

As to the Becks' claim that the documents are afforded attorney work product privilege, UPS states that documents obtained from litigation groups are typically not afforded privileged status (*Id.* at p. 7). It cites *Hendrick, supra, Bohannon v. Honda Motor Co.*, 127 F.R.D. 536 (D. Kan. 1989), *Bartley v. Izuzu Motors, Ltd.*, 158 F.R.D. 165 (D. Colo. 1994) and *Miller v. Ford Motor Co.* 184 F.R.D. 581 (S.D. W. Va. 1999) as examples (*Id.*).

Plaintiffs' Response

The Becks note that, while UPS' argument for relevance focuses on whether the requested documents constitute "statements," the actual request is much broader, seeking "all documents" "regarding or belonging to UPS or Dupree." (DN 71, p. 2). This, the Becks assert, could encompass training manuals, corporate policies and procedures, hiring guidelines, DOT filings and similar documents generated or maintained by UPS (*Id.*). The Becks challenge whether UPS has demonstrated that any such documents could be relevant to their claims or UPS' defense (*Id.*). Even if relevant, the Becks argue that UPS, as the creator and custodian of the documents (since UPS is essentially seeking its own documents), is already in actual possession of them and therefore has superior access (*Id.* at p. 3).

Turning to UPS' argument that the documents are discoverable as party statements, the Becks note that Rule 26(b)(3) specifies that, to be discoverable, a statement must concern the action or its subject matter (*Id.* at pp. 4-5). Simply because a document may be a statement, they argue, does not automatically make it discoverable (*Id.* at p. 5). The Becks note further than Rule 26(b)(3)(C) defines a "statement" as one written and signed or otherwise adopted or approved or a recordation of an individual's oral statement (*Id.*). Thus, they contend, corporate documents like manuals or policies are not the type of "statement" contemplated by Rule 26(b)(3)(C) (*Id.*).

The Becks also argue that UPS' request does not serve any legitimate purpose (*Id.* at pp. 6-7). Presuming that the requested documents are already in UPS' possession, the Becks question why UPS would request production in this action (*Id.* at p. 6). The Becks offer two possibilities. First, that UPS

desires to know, essentially, what the Becks know and thereby be able to discern what it can withhold from production without being caught (*Id.* at pp. 6-7). The second theory the Becks advance is that UPS desires insight into their counsels' mental impressions as to what documents are significant (*Id.* at p. 7). This, they contend, encroaches upon the attorney work product protection (*Id.*).

Finally, the Becks request that, in the event the Court determines the documents are discoverable, they be permitted to delay production until after they depose Dupree and UPS' corporate representative, so that the witnesses will not have an unfair opportunity to conform their testimony to prior statements (*Id.* at pp. 7-8).

## UPS' Reply

UPS challenges the Becks' proposal that any production wait until after it has deposed UPS witnesses, citing *Varga v. Rockwell Int'l Corp.*, 242 F.3d 693, 697 (6th Cir. 2001) for the proposition that a party may not withhold production of discovery because it prefers to use evidence for surprise impeachment purposes (DN 74, p. 1).

As to the Becks' contention that UPS knows as well as they do what documents are available, UPS notes that it operates worldwide with various policies and procedures and has litigation pending all around the country at any given time (*Id.* at p. 2). As a result, UPS asserts it does not have global knowledge of all documents in existence (*Id.*).

## Discussion

District Courts have broad discretion in discovery matters. *See Marie v. American Red Cross*, 771 F. 3d 344, 366 (6th Cir. 2014). Under Fed. R. Civ. P. 26(b)(1), parties "may obtain discovery regarding any nonprivileged mater that is relevant to any party's claim or defense and proportional to the needs of the case."[1] Moreover, information within the scope of discovery need not be admissible

---

[1] UPS' motion characterizes Rule 26(b) as allowing discovery of any nonprivileged matter that is relevant to a party's claim or defense "or appears reasonably calculated to lead to the discovery of relevant evidence" (DN 64-1, p. 2-3). The "lead to the discovery" language is no longer part of the Rule. *See Davis v. American Highwall Mining*, 570 F. Supp. 3d 491, 496 (E.D. Ky. 2020).

4

in evidence to be discoverable. *Id.* Here, the Becks contend that the documents are not relevant and are privileged (DN 71).

1. Relevance

The moving party bears the initial burden of demonstrating relevance of the information or materials requested. *Veritiv Operating Co. v. Phoenix Paper Wickliffe, LLC*, No. 5:21-CV-00170-BJB-HBB, 2023 U.S. Dist. LEXIS 66611, at *17 (W.D. Ky. April 17, 2023). Relevance in the context of Rule 26 is evidence which has any tendency to make a fact more or less probable than it would be without the evidence if the fact is of consequence in determining the action. *Brewer v. All. Coal, LLC*, No. 7:20-CV-00041-DLB-EBA, 2022 U.S. Dist. LEXIS 182266, at *5 (E.D. Ky. Oct. 5, 2022).

UPS' request for production is quite broad, seeking "all documents" that "belong to or regard" UPS or Dupree (DN 64, pp.1-2). UPS focuses its relevance argument on the proposition that the documents constitute statements subject to discovery under Fed. R. Civ. P. 26(b)(3). However, it also makes a more generalized argument that the Becks might argue the documents are "statements against interest, admissions, or business records that said documents are either not hearsay or are subject to an exception to the hearsay rule" (*Id.* at p. 4) (citing FED. R. EVID. 801(d)(1), 801(d)(2), and 803(6)). Moreover, UPS contends "many of these documents have the possibility of being relevant for use in cross-examination or as impeachment evidence" (*Id.* at pp. 4-5). Analysis begins with the more limited question of whether the documents might be considered a statement by UPS or its employees.

Fed. R. Civ. P. 26(b)(3)(C) permits a party to "obtain the person's own previous statement about the action or its subject matter." Statements by a current or former employee are included under Rule 26(b)(3)(C) "if the statement would be admissible in evidence against an employer corporation as a vicarious admission." *Restoration Hardware, Inc. v. Haynes Furniture Co.*, No. 16-CV-10665, 2017 U.S. Dist. LEXIS 186127, at *8 (N.D. Ill. May 22, 2017) (quoting *Thornton v. Cont'l Grain Co.*, 103 F.R.D. 605, 606 (S.D. Ill. 1984)). Subsection (i) defines a previous statement as "a written statement that the person has signed or otherwise approved." FED. R. CIV. P. 26(b)(3)(C)(i). Subsection (ii)

additionally defines a previous statement as "a contemporaneous stenographic, mechanical, electrical, or other recording—or a transcription of it—that recites substantially verbatim the person's oral statement." FED. R. CIV. P. 26(b)(3)(C)(ii). Here, prior deposition and trial testimony by UPS employees would constitute a statement under the rule. Likewise, any written statements by UPS employees which they signed or "otherwise approved" would qualify under the rule. However, to be discoverable as a party statement, the statement also must deal with the subject matter of the claims against UPS in this action, namely UPS' hiring, retention, supervision and training of drivers. Other documents, such as policies and manuals, would not qualify as a statement as contemplated by Rule 26(b)(3)(C).

Looking beyond those documents which qualify as party statements under Rule 26(b)(3)(C), the next question is whether other UPS documents in the Becks' possession are discoverable because they relate to a claim or defense pursuant to Rule 26(b)(1). Even absent a request for production of documents, Rule 26(a)(1)(A)(ii) requires parties, as part of their initial disclosures, to provide a copy or description of any documents in their possession that they may use to support their claims or defenses, other than those solely for impeachment. Subsection (E) makes the disclosure obligation ongoing. FED. R. CIV. P. 26(a)(2)(E). Consequently, to the extent the Becks have UPS documents they may use as evidence in support of their claims, they are subject to discovery.

Are documents only intended to be used for impeachment discoverable? They can be.

> Additionally, a "variety of types of information not directly pertinent to the incident in suit could be relevant to the claims or defenses raised in a given action." Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2000 amendment. For example, "information that could be used to impeach a likely witness, although not otherwise relevant to the claims or defenses, might be properly discoverable." Fed. Rule Civ. P. 26(b)(1) advisory committee's note to 2000 amendment.

*Veritiv*, 2023 U.S. Dist. LEXIS 66611, at *18. The Middle District of Florida's opinion on the question is instructive:

6

> The initial disclosure requirements of Rule 26(a)(1)(A)(ii), FED. R. CIV. P. compel a party to produce a copy of all documents that the disclosing party has in its possession and may use to support its claims or defenses, "unless the use would be solely for impeachment."  But no such limitation is contained in Rule 34, nor in the scope of discovery set forth in Rule 26(b)(1), and there is no showing that this exclusion should apply in the Rule 34 context here.  To the extent Peerless is claiming that impeachment evidence is never discoverable, it is wrong. *See Campbell v. Moon Palace, Inc.*, No. 11-60274-CIV, 2011 U.S. Dist. LEXIS 92801, 2011 WL 3648562, at *5 (S.D. Fla. Aug. 19, 2011) ("Defendant correctly notes that courts may permit discovery of documents or information that may be used solely to impeach a witness"); *Buckley Towers Condo., Inc. v. QBE Ins. Corp.*, No. 07-22988-CIV, 2008 U.S. Dist. LEXIS 49305, 2008 WL 2645680, at *2 (S.D. Fla. June 26, 2008) ("even if the information is only useful for purposes of impeachment or corroboration, it may still be discoverable whether or not it will ultimately be admissible in evidence at trial" *citing Hickman v. Taylor*, 329 U.S. 495, 511, 67 S.Ct. 385, 91 L.Ed. 451 (1947)); *Jeld-Wen, Inc. v. Nebula Glass Int'l, Inc.*, No. 05-60860-CIV, 2007 U.S. Dist. LEXIS 37134, 2007 WL 1526649, [at] *2 (S.D. Fla. May 22, 2007) ("Impeachment evidence is a classic example of the type of evidence that should be discoverable in litigation.").  Regardless of Peerless's intentions with respect to its own use of a document in its custody, if the document is relevant, responsive to a request, not privileged, and not otherwise disproportional to the needs of the case, it is within the appropriate scope of discovery and must be produced.

*Local Access, LLC v. Peerless Network, Inc.*, No. 6:17-CV-236-Orl-40TBS, 2018 U.S. Dist. LEXIS 97955, at *19-21 (M.D. Fla. June 12, 2018) (footnote omitted); *see also Appalachian Reg'l Healthcare v. United States Nursing Corp.*, No. 14-122-ART, 2017 U.S. Dist. LEXIS 229872, *11 (E.D. Ky. May 31, 2017) ("Impeachment is indeed a valid reason to request discovery.").  The present case presents the question in an atypical posture.  Normally, a party seeks to discover information with which to impeach the opposing party's witnesses.  Here, UPS seeks to learn if the Becks have documents they may use to impeach UPS' own witnesses.  Nonetheless, the undersigned does not perceive this as a distinction with a difference, as impeachment of UPS' employees or witnesses would go to the issue of UPS' defenses.

Beyond the types of documents already discussed, UPS has failed to demonstrate how wholesale disclosure of whatever UPS documents the Becks possess related to claims by parties against UPS in other actions, and which the Becks do not intend to use in this action, are relevant.  General curiosity is insufficient.

2. Attorney Work Product Privilege

"The work-product doctrine protects an attorney's trial preparation materials from discovery to preserve the integrity of the adversarial process." *In re Professionals Direct Ins. Co.*, 578 F.3d 432, 438 (6th Cir. 2009) (citation omitted). Rule 26 of the Federal Rules of Civil Procedure, which governs the work-product privilege, precludes the discovery of "documents and tangible things that are prepared in anticipation of litigation or for trial by [a party's attorney]." FED. R. CIV. P. 26(b)(3)(A). Here, the Becks do not claim that the documents in question were prepared by their legal counsel in preparation for this case. Moreover, documents obtained from litigation resource sharing sources do not qualify as having been prepared by counsel in anticipation of litigation or trial. *See Hendrick,* 916 F. Supp. at 258-59; *Bohannon*, 127 F.R.D. at 540; *Bartley.*, 158 F.R.D. at 166-67; *Miller* 184 F.R.D. at 583.

Instead, the Becks argue that disclosure of the documents will provide UPS with insight into their counsels' litigation strategy (DN 71, p. 7). Opinion work-product that reveals "the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation" receives near absolute protection from discovery. FED. R. CIV. P. 26(b)(3)(B); *Hickman v. Taylor*, 329 U.S. 495, 510-513 (1947); *Upjohn Co. v. United States*, 449 U.S. 383, 400-402 (1981). The Becks contend that producing the documents counsel obtained from sources outside this litigation constitutes their "selection and compilation" of documents, which is a highly-protected category of opinion work product. In support, they cite *Sporck v. Peil*, 795 F.2d 312, 316 (3rd Cir. 1985). In *Sporck* the plaintiff's counsel prepared him for a discovery deposition, which included showing him certain documents culled from a substantial document production. *Id.* at 315. The defendant asked plaintiff whether he had reviewed any documents in preparation for the deposition, and then through a discovery request sought production of those documents. *Id.* at 318. The court concluded "[w]e believe that the selection and compilation of documents by counsel in this case in preparation for pretrial discovery falls within the highly-protected category of opinion work product." *Id.* at 316. As the Eastern District

8

of Michigan observed, however, this holding was directed to a situation where "the opposing party seeks to discover which documents his adversary selected and compiled out of a larger pool of evidence to prepare for a deposition or similar hearing." *Allen v. Lickman*, No. 13-13401, 2014 U.S. Dist. LEXIS 181931, at *17 (E.D. Mich. Oct. 31, 2014) (citation omitted). The holding is inapplicable to situations where, as here, the party "does not seek a selection of materials but rather all of the documents [the opposing parties] possess*." Id.*

3. Delay of production.

The Sixth Circuit has spoken clearly on the question of whether the Becks can withhold documents they may use for impeachment until after they have taken depositions:

> We take this occasion to emphasize what Rule 26(b) makes perfectly clear: the recipient of a properly propounded document request must produce all responsive non-privileged documents without regard to the recipient's view of how that information might be used at trial. A party may not, under any circumstances, hold back materials responsive to a proper discovery request because it prefers to use the evidence as surprise impeachment evidence at trial.

*Varga*, 242 F.3d at 697; *see also Whitney v. City of Milan*, No. 1:09-CV-1127-JDB-egb, 2010 U.S. Dist. LEXIS 92487, at *2 (E.D. Ky. April 14, 2010) (citing *Varga*) ("The Sixth Circuit has established in a clear fashion that one party cannot unilaterally decide what evidence is useful only for impeachment when dealing with specific discovery requests.").

**WHEREFORE**, the motion of Defendants United Parcel Service, Inc. and Zeno Dupree to compel, DN 64, is **GRANTED IN PART** and **DENIED IN PART**.

H. Brent Brennenstuhl
United States Magistrate Judge

April 22, 2025

Copies: Counsel